**STUART H. SANDHAUS, APC**
**Stuart H. Sandhaus, Esq.**
**St. Bar No. 146525**
**Los Rios Historic District**
**31901 Los Rios Street**
**San Juan Capistrano, CA 92675**
**Tel. (949) 481-0236; Fax. (949) 481-0238**
**e-mail: lawsandhaus1@cox.net**

**Attorney for Plaintiff, Kristen S. Speer**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KRISTEN S. SPEER**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNUM LIFE INSURANCE COMPANY OF AMERICA; UNUM GROUP; THE TRAVEL CORPORATION; THE TRAVEL CORPORATION LONG TERM DISABILITY PLAN; THE TRAVEL CORPORATION LIFE INSURANCE PLAN; and DOES 1 through 10, Inclusive.**<br><br>**Defendants.** | **CASE NO.:**<br><br>**COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS (ERISA); BREACH OF FIDUCIARY DUTY; EQUITABLE RELIEF** |

## I.
## JURISDICTION

**1.** This case involves a long term disability benefit plan and a life insurance plan which are an employee welfare benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et. seq. Jurisdiction is based on 29 U.S.C. §1132(e) in that this is an action by a benefit plan participant to obtain long term disability benefits, life waiver of premium, collateral benefits, statutory damages, general damages, equitable relief, attorney's fees, pre-judgment interest, and costs under the Plan.

## II.
## VENUE

**2.** Venue is proper pursuant to 28 U.S.C. §1391 and 29 U.S.C. §1132(e) because Plaintiff KRISTEN S. SPEER (hereafter "SPEER"), Defendant Unum Life Insurance Company of America (hereafter "UNUM"), Unum Group ("UNUM GROUP"), The Travel Corporation (hereafter "TRAVEL"), The Travel Corporation Long Term Disability Policy #93126 (hereafter "LTD PLAN") and The Travel Corporation Life Insurance Policy #99091 (hereafter "LIFE PLAN") are each found within the Central District of California within the meaning of 29 U.S.C. §1132(e): SPEER lives within said District; UNUM and UNUM GROUP conduct extensive business and maintains business locations within this District; Defendant TRAVEL, the LTD PLAN, and LIFE PLAN also conduct extensive business and maintain business locations within this District.

## III.
## INTRODUCTION

**3.** This is a complaint for damages based upon a claim under ERISA for long term disability (hereafter "LTD") insurance benefits, life waiver of premium (hereafter "LWOP") insurance benefits and collateral benefits which SPEER (hereafter "Plaintiff") asserts against Defendants. At all relevant times Plaintiff was employed by Defendant TRAVEL and was a plan participant and beneficiary of the LTD PLAN and LIFE PLAN.

**3.1** Plaintiff became disabled on or about October 10, 2014 within the meaning of the Short Term Disability ("STD") Plan and received STD benefits through January 1, 2015.

**3.2** Plaintiff duly applied for LTD benefits under the Plan. Plaintiff's claim for LTD benefits was approved January 2, 2015.

**3.3** On or about May 7, 2015 UNUM/UNUM GROUP notified Plaintiff that it was terminating her LTD benefits effective May 7, 2015. Plaintiff timely appealed UNUM's decision.

**3.4** On or about May 2015 UNUM/UNUM GROUP denied Plaintiff's claim for LWOP.

**3.5** In a letter dated on or about April 19, 2016 Defendants UNUM/UNUM GROUP notified Plaintiff it was upholding its adverse benefit decision terminating Plaintiff's LTD benefits claim and denying her claim for LWOP. Notwithstanding the medical complexity of Plaintiff's disabling Firbromylagia (FMS), Lumbosacral Spine Instability, Rheumatoid Arthritis, Lumbar DDD, and Retrolisthesis, it is unknown from the claim file produced by UNUM what or whom UNUM relied on in terminating the LTD benefits and denying the LWOP. There were no independent medical evaluations or other in-person evaluations of Plaintiff.

**3.6** Pursuant to the foregoing, Plaintiff has exhausted her administrative remedies.

**4.** During the administrative appeal process, Plaintiff requested a number of highly relevant documents and items of information to which she is entitled under ERISA. Defendants repeatedly failed and refused to provide such documents and information, thus triggering civil penalties as provided in ERISA.

**5.** Plaintiff now sues for all benefits accrued to the date of judgment together with statutory damages, general damages, collateral benefits, equitable relief, injunctive relief, pre-judgment interest, costs, and attorney's fees.

///

## IV. PARTIES

**6.** Plaintiff at all relevant times, was an employee of Defendant TRAVEL and a participant in the LTD PLAN and LIFE PLAN.

**7.** Defendant UNUM is incorporated in the State of Maine and doing business in the State of California.

**8.** Defendant UNUM GROUP is incorporated in the State of Maine and doing business in the State of California.

**9.** Defendant TRAVEL is doing business in the State of California.

**10.** Defendant LTD PLAN is administered by UNUM and UNUM GROUP and is a welfare benefit plan governed by ERISA.

**11.** Defendant LIFE PLAN is administered by UNUM and UNUM GROUP and is a welfare benefit plan governed by ERISA.

**12.** UNUM, UNUM GROUP, TRAVEL, LTD PLAN and LIFE PLAN are hereafter collectively referred to as "Defendants."

**13.** Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## V.
## AGENCY

**14.** Plaintiff is informed and believes, and thereupon alleges, that all times mentioned herein, unless otherwise alleged, Defendants named in paragraphs 6 through 13, and each of them, were the agents, servants, and employees, of their co-defendants, and were, as such, acting within the course, scope, and authority of said employment and/or agency, and with the knowledge, consent, permission, and/or ratification of each other.

## VI.
## FACTUAL ALLEGATIONS

**15.** Plaintiff was employed by TRAVEL as the Vice President of Human Resources. On or about October 10, 2014 she became totally disabled and unable to perform the duties of her employment due to Firbromylagia (FMS), Lumbosacral Spine Instability, Rheumatoid Arthritis, Lumbar DDD, and Retrolisthesis. She has remained totally disabled ever since from her own occupation as well as any occupation commensurate with her education, training, or experience.

**16.** At the time Plaintiff became totally disabled, Travel covered its employees with the LTD Plan and LIFE Plan, employee welfare benefit plans within the meaning of ERISA. The Plans are administered by UNUM and UNUM GROUP, and UNUM and UNUM GROUP provided LTD benefits. Plaintiff was covered by the Plans and was a beneficiary of the Plans. The Summary Plan Descriptions ("SPD") were not provided, despite requests, by either UNUM, UNUM GROUP or TRAVEL.

**17.** Defendant TRAVEL was the Plan Administrator and had a fiduciary duty to independently oversee the claims administration of Defendants UNUM and UNUM GROUP to ensure UNUM and UNUM GROUP carried out their fiduciary duties consistent with ERISA and the LTD PLAN and LIFE PLAN.

**18.** Defendant UNUM and UNUM GROUP were both the claims administrator and the funding source for the LTD PLAN and LIFE PLAN Plan and their decision making on Plaintiff's claims were influenced by this financial conflict of interest.

**19.** Defendants UNUM and UNUM GROUP have and have had affirmative duties above and beyond the terms of the LTD PLAN and LIFE PLAN the Plans documents including, without limitation, the duty to:

- **i.** act in the best interests of Plan participants and beneficiaries
- **ii.** act loyally and deal fairly and honestly with Plan participants and beneficiaries and
- **iii.** assist Plan participants and beneficiaries in perfecting their claim, including a duty to disclose material information, to inform participants and beneficiaries of new and relevant information as it arises, and to advise participants and beneficiaries of circumstances that threaten interests relevant to the relationship and otherwise to engage in meaningful dialogue
- **iv.** provide complete and correct material information on the participant or beneficiary's status and options and to refrain from communicating or relying upon misinformation.
- **v.** act as a prudent person would on behalf of participants and beneficiaries and with the exercise of the reasonable care, skill, prudence, and diligence under the circumstances and in the best interests of participants and beneficiaries.

**20.** Plaintiff was entitled to receive LTD benefits under the LTD PLAN, a Life Waiver of Premiums under the LIFE PLAN and was also entitled to receive collateral benefits from TRAVEL during the pendency of her disability.

**21.** Plaintiff furnished Defendants with written notice of her claim and proof of loss under the Plan in a timely manner and has otherwise performed all terms and conditions of the Plan on her part to be performed.

**22.** On or about October 10, 2014 Plaintiff became disabled within the meaning of the LTD PLAN. She received Short Term Disability ("STD") benefits from on or about October 10, 2014 through January 1, 2015. Plaintiff applied for LTD benefits under the LTD PLAN, and was paid LTD benefits on or about January 2, 2015 through May 7, 2015. The LTD PLAN benefits were terminated on or about May 7, 2015. The LIFE PLAN benefits were denied.

**23.** On or about May 7, 2015 Plaintiff was notified by UNUM/UNUM GROUP that it was terminating her LTD benefits effective May 7, 2015. Plaintiff timely appealed this decision and submitted abundant evidence of her disability, but on or about April 19, 2016 UNUM/UNUM GROUP upheld its adverse benefit decision.

**24.** On or about May 7, 2015 Plaintiff was notified by UNUM/UNUM GROUP that it was denying her claim for LWOP benefits. This was upheld on appeal.

**25.** It is unknown from the claim file produced after UNUM/UNUM GROUP's final decisions what the termination of LTD benefits and the denial of LWOP benefits were based upon.

**26.** Plaintiff has timely exhausted all review procedures and administrative remedies available to her prior to filing suit.

**27.** During the administrative review process, Plaintiff requested a number of highly relevant documents and items of information to which she was entitled under ERISA. Defendants repeatedly failed and refused to provide all said documents and items of information, and continue to fail and refuse to provide all such documents and items of information.

**VII.**
**FIRST CAUSE OF ACTION**
**Claim for Benefits Due Under ERISA §502(a)(1)(B); 29 U.S.C. §1132(a)(1)(B)**
**(Against All Defendants)**

**28.** Plaintiff incorporates by reference paragraphs 1 through 27 as though set forth fully herein.

**29.** As a proximate result of Defendants' termination of Plaintiff's claim for LTD benefits caused by her total disability, Plaintiff has suffered the loss of the salary replacement benefits and other collateral benefits to which she is entitled under the LTD PLAN. Plaintiff has been damaged in an amount equal to all unpaid benefits and the value of collateral benefits to the date of judgment herein.

**30.** As a proximate result of Defendants' denial of Plaintiff's claim for LWOP benefits under the LIFE PLAN Plaintiff has been damaged in an amount equal to all unpaid benefits and the value of collateral benefits to the date of judgment herein.

**31.** Plaintiff has further been damaged in an amount equal to interest provided by law on all unpaid sums to the date of judgment herein.

**32.** Paintiff has been required to employ counsel to enforce her rights in this matter and

///

is therefore entitled to an award of attorney's fees as provided by ERISA and prevailing law.

**VIII.**
**SECOND CAUSE OF ACTION**
**Statutory Damages for Failure to Produce Documents**
**(Against All Defendants)**

**33.** Plaintiff incorporates by reference paragraphs 1 through 32 as though set forth fully herein.

**34.** Plaintiff has been denied claim file documents and items of information to which she is entitled under ERISA and 29 C.F.R. §2560.503-1 *et. seq.* As a consequence, Plaintiff is entitled to statutory damages, in an amount to be proven at trial, of $110.00 per day for each document sought, pursuant to 29 U.S.C. §1132(c)(1).

**IX.**
**THIRD CAUSE OF ACTION**
**Declaratory Relief Requested and Recovery of Benefits Sought by Plaintiff**
**(Against All Defendants)**

**35.** Plaintiff incorporates by reference paragraphs 1 through 34 as though set forth fully herein.

**36.** On the basis of the foregoing, an actual controversy has arisen and now exists between Plaintiff and Defendants in that Plaintiff contends and Defendants deny the following:

**36.1** That Plaintiff is disabled and entitled to receive LTD benefits and collateral benefits pursuant to the terms of the LTD PLAN and Summary Plan Description (hereinafter "SPD").

**36.2** That Plaintiff is disabled and entitled to receive LWOP benefits pursuant to the terms of the LIFE PLAN and SPD.

**36.3** That Defendants are obligated, under the terms, conditions, and provisions of the LTD PLAN, LIFE PLAN, and SPDs and under ERISA, to pay to and provide Plaintiff with the LTD. LWOP, and collateral benefits accruing to Plaintiff under the terms and provisions of the LTD PLAN. LIFE PLAN, and SPD and Defendants have failed to do so;

**36.4**. That Defendants are obligated immediately to pay to and provide Plaintiff with all accrued past benefits (including interest) and collateral benefits that are due under the LTD PLAN, LIFE PLAN, and SPD;

**36.5** That Defendants are obligated to commence immediately paying monthly LTD benefits and LWOP benefits, and providing all collateral benefits for every month of Plaintiff's continued disability under the LTD PLAN, LIFE PLAN, and SPD;

**36.6.** That Defendants must give Plaintiff all documents and items of information previously requested, including but not limited to the LTD PLAN and LIFE PLAN SPDs, and must in the future provide all documents required by statute and U.S. Department of Labor regulations, and controlling court precedents.

**37.** Plaintiff desires a judicial determination of the respective rights and duties of Plaintiff and Defendants, with respect to the above-referenced claims and the amounts thereof.

*///*

*///*

**38.** Such a declaration is necessary and appropriate at this time and 29 U.S.C. §1132(a)(1)(B) specifically authorizes such a declaration.

**39.** The actions and conduct of Defendants have and will directly and proximately cause a loss of income and collateral benefits to Plaintiff and have and will deprive Plaintiff of the protections of ERISA.

**40.** Plaintiff's injuries are irreparable in that Plaintiff is currently being deprived of and will continue to be deprived of a reasonable interpretation of the language of the LTD PLAN and LIFE PLAN and their applications to her claim according to the expectations of the parties and according to law.

**41.** Plaintiff has no adequate remedy, other than that herein prayed for, to redress the present violations of the LTD PLAN, LIFE PLAN, and SPDs and of the law; nor does any other adequate remedy exist, by which the court may determine the rights of the parties hereto.

**42.** Plaintiff has been required to employ counsel to enforce her rights in this matter and is therefore entitled to an award of attorney's fees as provided by ERISA and prevailing law.

**X.**
**FOURTH CAUSE OF ACTION**
**Breach of Fiduciary Duty and Request for Injunction; 29 U.S.C. § 1132(a)(3)**
**(Against All Defendants)**

**43.** Plaintiff incorporates by reference paragraphs 1 through 42 as though set forth fully herein.

**44.** At all material times herein, Defendants, and each of them, were fiduciaries with respect to the exercise of authority over the management of the LTD PLAN and LIFE PLAN, disposition of LTD PLAN and LIFE PLAN assets, and administration of the LTD PLAN and LIFE PLAN.

**45.** Plaintiff alleges the breach of fiduciary duty by Defendants against Plaintiff and against all beneficiaries of the LTD PLAN and LIFE PLAN.

**46.** Plaintiff asserts that a claim for benefits due under the Plan does not provide her with an adequate remedy at law in light of Defendants' continuing course and pattern of conduct in violating the terms of the LTD PLAN and LIFE PLAN and applicable law as described below.

**47.** Defendants, and each of them, were obliged to discharge their duties solely in the interests of beneficiaries and participants for the exclusive purpose of providing beneficiaries and participants with all benefits due, defraying reasonable expenses under the Plans, and using all prudent skill and diligence in accordance with the documents and instruments governing the Plans.

**48.** At all material times herein, Defendants, and each of them, violated these duties by the following:

**48.1** Defendant TRAVEL, as Plan administrator, consciously and unreasonably failing to oversee Defendant UNUM and UNUM GROUP's claims administration in order to ensure and protect against fiduciary breach;

**48.2** Unreasonably and without justification terminating Plaintiff's claim for LTD benefits in order to boost its profits, and asserting improper basis for doing so, despite knowing that Plaintiff qualified for such benefits under the terms and conditions of her compensation;

**48.3** Unreasonably and without justification denying Plaintiff's claim for LWOP benefits in order to boost its profits, and asserting improper basis for doing so, despite knowing that Plaintiff qualified for such benefits under the terms and conditions of her compensation.

**48.4** Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claims, and similar claims, and unreasonably failing to investigate all bases to support coverage, fairly and in good faith, and refusing to give Plaintiff's interests and the interests of other similarly situated claimants at least as much consideration as Defendants give and have given to their own interests;

**48.5** Consciously and unreasonably failing to adopt and implement reasonable or proper standards under the LTD PLAN and LIFE PLAN applicable to the prompt and fair investigation, processing, and adjudication of Plaintiff's claims, and the claims of similarly situated claimants;

**48.6** Consciously and unreasonably interpreting the LTD PLAN and LIFE PLAN in a manner designed to deny and terminate benefits so as to thwart the reasonable expectations of the LTD PLAN and LIFE PLAN's beneficiaries and participants in order to maximize its own profits and minimize the benefits it pays to claimants;

**48.7** Consciously and unreasonably engaging in selective review of the evidence, ignoring evidence supportive of Plaintiff's claim and relying on medical opinions that

misstated relevant evidence, while focusing exclusively on evidence supporting the denial of claims for LTD benefits and for the termination of LTD benefits;

**48.8** Consciously and unreasonably selecting biased medical consultants with a conflict of interest who lacked the appropriate training and expertise to evaluate Plaintiff's claim;

**48.9** Consciously and unreasonably violating strict ERISA statutory and U.S. Department of Labor regulatory mandates specifying the information required in a fiduciary's notification to the claimant of its adverse benefit decision, including a statutory duty to write a termination in a manner calculated to be understood by the claimant, as well as a specific mandate requiring that the fiduciary state precisely what additional medical evidence is required for the claimant to perfect her claim, including a statement specifying why each piece of additional evidence is necessary;

**48.10** Consciously and unreasonably relying on biased and conflicted third party vendors to select and hire consultants that Defendants know benefit financially from repeat business with Defendants;

**48.11** Consciously and unreasonably refusing to give Plaintiff an opportunity to comment on medical reports made available to Defendants and relied upon in deciding its appeal, as well as concealing other evidence prepared or used in terminating benefits and denying Plaintiff an opportunity to examine, comment upon, or rebut such evidence;

**48.12** Consciously and unreasonably failing and refusing after repeated requests to provide requested documents and items of information in violation of ERISA, 29 U.S.C. ///

///

§§1021(a)(1)(A), 1024(b)(1), 1025(a)(1), 1109(a), 1132(c), Internal Revenue Code §6057 and Title 1, and U.S. Court of Appeals for the Ninth Circuit precedents;

**48.13** Consciously and unreasonably ignoring objective evidence of severe functional impairment verified and confirmed in Plaintiff's case by, among other things, the Cardiopulmonary Exercise Test;

**49.** Plaintiff seeks appropriate equitable relief from Defendants, including:

**49.1** An equitable surcharge for extra-contractual damages and other losses incurred from Defendants' breach of their fiduciary duties, including interest on credit card debt incurred because of an inability to meet living expenses without incurring credit card debt, interest on loans incurred because of an inability to meet living expenses without obtaining loans, interest on delinquent bills, compensation for loans and interest incurred to meet essential expenses, compensation for loss of credit reputation, compensation for expenses incurred in converting home into a rental unit, compensation for furniture rental, compensation for furniture storage, and compensation for harm and pain and suffering

- **i.** caused by Plaintiff's inability to meet mortgage payments resulting in Plaintiff having to rent her home; and,
- **ii.** caused by Plaintiff having to incur expenses in converting her home into a rental unit; and,
- **iii.** caused by Plaintiff having to rent less expensive living quarters; and,
- **iv.** caused by Plaintiff's inability to afford maintenance expenses for her home; and,

///

v. caused by Plaintiff having to rent furniture for her less expensive living quarters; and,

vi. caused by Plaintiff having to rent a storage facility to store furniture from her home; and,

vii. caused by emotional loss and stress of lacking money to manage her affairs and her condition, and

viii. caused by emotional loss and stress placed on relationships with family and friends from whom she has had to borrow money to meet monthly expenses including but not limited to rent, utilities, food.

**49.2** An order disgorging all profits and other value by which Defendants have been unjustly enriched by breaching their fiduciary duties to act in the best interests of LTD PLAN and LIFE PLAN participants and beneficiaries, including, without limitation, failing to investigate, ignoring evidence, using unqualified health professionals, refusing to produce medical opinions relied upon by Defendants, and failing to fulfill their duty to assist by, among other things, failing to keep Plaintiff informed of important case developments or new materials received and failing to engage in meaningful dialogue.

**49.3** An order enjoining Defendants' continuing breach of their fiduciary obligations and enjoining a repetition of the fiduciary breach of their fiduciary obligations during future coverage under the LTD PLAN and LIFE PLAN and enjoining any other act or practice by Defendants which violates ERISA or the Plans or Defendants obligations as ERISA fiduciaries.

**49.4** An order mandating claims procedures which contain administrative processes and safeguards designed to ensure and verify that benefit determinations are made in

accordance with ERISA and governing plan documents and that LTD PLAN and LIFE PLAN provisions have been applied consistently with respect to similarly situated claimants and that Plaintiff be given the transparent ability to assist in claims administration in accordance with ERISA by providing Plaintiff with an opportunity to review and comment upon all medical and other information considered by the claims administrator in its claims decision.

**49.5** An order for such other appropriate equitable relief as may be necessary.

**WHEREFORE, Plaintiff prays judgment as follows:**

**1.** For damages under the Plan according to proof for all unpaid benefits to the date of judgment herein;

**2.** For collateral benefits as defined under the LTD PLAN and SPD;

**3.** For collateral benefits as defined under the LIFE PLAN and SPD;

**4.** For pre-judgment interest on all LTD benefits that have accrued prior to judgment;

**5.** For a declaration of the respective rights and duties of Plaintiff and Defendants with respect to the subject claims and the amounts thereof;

**6.** For statutory damages as provided under ERISA for failure to provide requested documents and items of information;

**7.** For such equitable relief as may be necessary, including

**7.1** a surcharge for extra-contractual damages and other harm caused by Defendants fiduciary breach,

**7.2** disgorgement of all value by which Defendants are unjustly enriched,

**7.3** an injunction protecting against the continuing breach of Defendants' fiduciary obligations,

**7.4** and an injunction mandating a claims procedure ensuring a full and fair review, and fully complying with the fiduciary obligations flowing from ERISA and the Plan, and including the obligation to deal fully and fairly with Plaintiff throughout the course of claims administration;

**8.** For damages and general damages according to proof;

///

9. For attorney's fees and costs of suit incurred herein pursuant to 29 U.S.C. §1132(g) and ERISA §502(g); and

10. For such other and further relief, legal and equitable, as the Court may deem proper.

**DATED:** November 7, 2016

**By:** ______________________
**Stuart H. Sandhaus, Esq.**
**Attorney for Plaintiff**
**Kristen S. Speer**